# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MIGUEL DAMEN BOOKER, | ) | CASE NO. 1:19-cv-2623 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| COCA-COLA BOTTLING CO., *et al*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Miguel Damen Booker ("plaintiff" or "Booker") filed this discrimination action pursuant to Title VII, 42 U.S.C. § 2000 et seq., 42 U.S.C. § 1981, and Ohio Rev. Code § 4112.02 against Coca-Cola Bottling Co. Consolidated ("Coca-Cola"), Coca-Cola sanitation department supervisor Latasha James ("James"), Coca-Cola human resources employee Lauren Davis ("Davis"), Coca-Cola quality control department employee David Blevins ("Blevins"), Coca-Cola plant manager David Rubadeux ("Rubadeux"), and Coca-Cola supervisor Bryant Curry ("Curry"). Booker also asserts a claim of intentional infliction of emotional distress against Coca-Cola. He seeks monetary damages as well as declaratory and injunctive relief. Plaintiff also filed an application to proceed *in forma pauperis* (Doc. No. 2), and that application is granted.

## I. Background

Plaintiff's complaint contains very few facts, it is composed almost entirely of naked assertions and legal conclusions. Booker, an African-American male, was hired to work as a sanitation technician at Coca-Cola's Twinsburg Plant in March 2017. (Doc. No. 1, complaint ("Compl.") ¶ 1.15.) Booker claims that he was subjected to a racially hostile work environment

during his employment. (*Id.* ¶ 1.16.) Booker notified Coca-Cola about the harassment he received from his co-workers but, as a result, Booker claims he was disciplined. (*Id.* ¶ 1.15.) Booker also alleges that he was subject to disparate treatment. (*Id.* ¶¶ 1.18, 1.26, 1.30.) He was assigned a heavier workload than a Caucasian employee and was assigned tasks like washing windows, washing walls, and cleaning locker rooms. (*Id.* ¶ 1.26.) Due to his discrimination complaints, Booker's "performance record was jeopardized" and he was "ineligible for promotions…." (*Id.* ¶ 1.30.) Booker contends that James, his "black female supervisor," created policies targeted at him. (*Id.* ¶¶ 1.9, 1.29.) Booker was ultimately terminated by Coca-Cola. (*Id.* ¶ 1.27.) After his termination, Booker received harassing telephone calls which he believes were placed from the Coca-Cola plant. (*Id.* ¶ 1.27.) Plaintiff alleges that these adverse employment actions were based on his race and, as a result, he brought the present lawsuit.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an action under 28 U.S.C. § 1915(e)(2) if the complaint fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are baseless. *Neitzke*, 490 U.S. at 327.

In addition, all complaints must meet minimum pleading standards. To survive dismissal,

a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A cause of action fails to state a claim upon which relief may be granted when the allegations in the complaint lack plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In other words, the factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. <u>Analysis</u>

Even construing Booker's claims liberally, in the light most favorable to him, Booker has failed to state a plausible claim for relief under federal or Ohio discrimination laws. His complaint contains very few factual allegations. It is composed almost entirely of legal conclusions and unsupported assertions. The Court is aware that, at this stage, plaintiff is not required to plead his discrimination claims with heightened specificity. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513–14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Nevertheless, the Supreme Court has clarified that a plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678 (2009) ("[A] complaint [will not] suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550

U.S at 557). Even though a complaint need not contain detailed factual allegations, its "'[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the complaint are true.'" *New Albany Tractor v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555) (alteration in original).

Plaintiff's complaint never rises above the speculative level. The Court is left to guess at all of the pertinent facts, such as what happened and why plaintiff determined those actions were racially motivated. Title VII is not "'a general civility code for the American workplace.'" *Burnett v. Tyco Corp.*, 203 F.3d 980, 982 (6th Cir. 2000) (quoting *Oncale v. Sundowner Offshore Servs., Inc*, 523 U.S.75, 80, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998)). Booker does not mention a single incident that would give rise to an inference that he was treated differently based on race. He makes numerous naked assertions—he was "subjected to a racially hostile work environment" (Compl. ¶ 1.16), "denied promotions" (*Id.* ¶ 1.17), and "subjected to disparate treatment" (*Id.* ¶ 1.18)—but fails to provide any factual enhancements to support those assertion. *See Twombly*, 550 U.S. at 557. Booker's complaint provides no direct evidence of discrimination and the circumstantial evidence that the Court was able to piece together, does not meet basic pleading requirements under *Twombly* and *Iqbal*.

Booker mentions "disparate treatment" numerous times throughout his complaint. (*See* Compl. ¶¶ 1.18, 1.25, 1.30.) But he does not even attempt to establish a causal connection between his race and any alleged disparate treatment. In every instance, his allegations are speculative and conclusory. *See Tucker v. Victor Gelb, Inc.*, No. 98-4070, 1999 WL 801544, at *1 (6th Cir. Sept. 28, 1999) ("Conclusory allegations of discrimination are insufficient to state a Title VII claim."). For example, Booker asserts, without support, that his "Caucasian male peer[s] were not discipline[d] or penalized for violating company policy [sic] and procedures." (Compl. ¶ 1.25.) It

4

is entirely unclear what actions Booker was discipled for and whether any of his "Caucasian male peer[s]" took those same actions and were treated differently. Simply stating that Coca-Cola never disciplined Caucasian employees is not sufficient to support a plausible claim for relief. In short, Booker has failed to assert facts sufficient to infer that he was treated differently because of his race.

Booker also alleges that Coca-Cola retaliated against him for filing an EEOC charge of discrimination. But he fails to assert any facts to support this claim. True, Booker filed a pre-charge inquiry and charge of discrimination with the EEOC, (*see* Doc. Nos. 1-4, 1-5) but he has failed to tie any specific retaliatory action to those filings. This is not a case where the Court can infer retaliation because Booker's employment situation took an abrupt turn for the worse after his EEOC filing. Instead, Booker appears to have had a tumultuous relationship with his employer and co-workers long before his EEOC filings. Mere conclusions of retaliations, without more, are insufficient to support a cognizable retaliation claim.

Booker's claims appear to stem from alleged harassment and unprofessional conduct from his co-workers. But the only individual defendants identified in the body of the complaint are James, Booker's "black female supervisor" (Compl. ¶ 1.9), and Davis, a human resources employee. Davis allegedly made a "slenderest [sic] comment" to either Booker or his daughter. (*Id.* ¶ 1.31.) James allegedly "created targeted policies and performance expectations directed solely at [Booker]" and "shared vital[,] confidential[,] and private information" regarding Booker. (*Id.* ¶¶ 1.29, 1.31.) Even assuming these allegations are true, as the Court must, Booker provides no nexus between the alleged conduct and Booker's race. Booker's bare assertions are not sufficient to cross the threshold of basic pleading requirements in federal court. *See* Fed. R. Civ. P. 8 (complaint must provide "a short and plain statement of the claim" made by "simple, concise,

and direct" allegations); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (legal conclusions alone are not sufficient to present a valid claim, and courts are not required to accept unwarranted factual inferences).

Plaintiff also indicates he is asserting a claim under 42 U.S.C. § 1981 which prohibits discrimination in the making and enforcing of contracts. He does not explain this claim, nor does he provide factual allegations from which a claim under this provision could be inferred.

It is possible Booker intended to assert a claim under 42 U.S.C. § 1981a, which allows a plaintiff to recover compensatory and punitive damages in a successful action under Title VII against an employer "who engaged in unlawful intentional discrimination…." 42 U.S.C. § 1981a(a)(1). The statute does not, however, create a new substantive right or an independent cause of action. Instead, it enhances the remedies otherwise available for intentional employment discrimination. *O'Barr v. United Parcel Serv., Inc.*, No. 3:11–CV–177, 2013 WL 2243004, at *12 (E.D. Tenn., May 21, 2013). Because plaintiff failed to state a claim against Coca-Cola under Title VII, he cannot recover damages under § 1981a.

Similarly, Booker's intentional infliction of emotional distress claim must fail. The claim is entirely devoid of factual support and consists entirely of legal elements and conclusions. Presumably, Booker believes that Coca-Cola intentionally inflicted emotional harm by failing to take action against employees who allegedly harassed him. In Ohio, liability for intentional infliction of emotional distress will only be found where defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency; the conduct must be regarded as atrocious and utterly intolerable in a civilized society. *Beckloff v. Amcor Rigid Plastics USA, LLC*, 93 N.E.3d 329, 341 (Ohio Ct. App. 2017). While Booker recites several of these elements, he does not provide a single fact to suggest that Coca-Cola—or any defendant—

intended to cause him serious emotional distress. To the extent some of Booker's co-workers were rude to him, "persons are expected to be hardened to a considerable degree of inconsiderate, annoying and insulting behavior." *Strausbaugh v. Ohio Dep't of Transp.*, 782 N.E.2d 92, 96 (Ohio Ct. App. 2002). "Insults, foul language, hostile tempers, and even threats must sometimes be tolerated in out rough-and-tumble society." *Id.* (citing cases). As such, Booker failed to assert facts to supports an intentional infliction of emotional distress claim.

In fact, all of Booker's claims fail for largely the same reason—they are entirely unsupported. There are simply no facts to support an inference that Booker was retaliated against, discriminated against, treated differently, or terminated due to his race. Similarly, there are no facts to lend credence to Booker's assertion that he was retaliated against because he filed an EEOC charge. Instead, his allegations are bolstered by nothing but conjecture and suppositions. Booker has failed to provide any facts to create a plausible causal link between any of his alleged adverse employment actions and his race or the fact that he filed an EEOC charge. Because Booker's complaint fails to meet minimum pleading standards, his claims must be dismissed. *See* 28 U.S.C. 1915(e)(2)(B)(ii).

## IV. Conclusion

For all the foregoing reasons, Booker's application to proceed *in forma pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 20, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**